John H. WOOD, Plaintiff—Appellant,

v.

DOLLAR RENT–A–CAR SYSTEMS INC, an Oklahoma corporation, e/s/a DTG Operations, Inc., Defendant—Appellee.

No. 03–56290.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 11, 2005.

Decided April 20, 2005.

Lanny M. Tron, Law Offices of Lanny M. Tron, Camanillo, CA, for Plaintiff–Appellant.

Ichael D. Ryan, Esq., Allen Matkins Leck Gamble & Mallory LLP, Los Angeles, CA, for Defendant–Appellee.

Before: HALL, WARDLAW, and PAEZ, Circuit Judges.

## MEMORANDUM *

John H. Wood ("Wood") appeals the district court's grant of summary judgment in favor of his former employer, Dollar Rent–A–Car Systems, Inc. ("Dollar"), in his action alleging (1) age discrimination in violation of California's Fair Employment and Housing Act ("FEHA"), (2) retaliation in violation of FEHA, (3) interference with his rights under the Family and Medical Leave Act ("FMLA") and the California Family Rights Act ("CFRA"), (4) breach of an implied-in-fact employment contract, (5) wrongful termination in violation of public policy, and (6) violation of the California Unfair Practices Act ("CUPA"). We have jurisdiction pursuant to 28 U.S.C. § 1291. Reviewing the grant of summary judgment *de novo, see Vasquez v. County of Los Angeles,* 349 F.3d 634, 639 (9th Cir.2003), we affirm the district court's ruling on Wood's claim that Dollar breached an implied-in-fact employment agreement, and we reverse the district court's rulings on all of Wood's remaining claims.[1]

### I.

The district court did not err in granting summary judgment in favor of Dollar on Wood's breach of implied-in-fact contract claim because Wood signed an express agreement acknowledging that he was an at-will employee. Although a contractual understanding between the parties may overcome the statutory presumption of at-will employment, *see Guz v.*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the facts, we do not recite them here except as necessary to explain our disposition.

*Bechtel Nat'l, Inc.*, 24 Cal.4th 317, 100 Cal.Rptr.2d 352, 8 P.3d 1089, 1101 (2000), courts will not infer an employment contract that varies the terms of an express agreement signed by an employee. *See id.* at 1103 n. 10 (noting that "most cases . . . have held that an at-will provision in an *express written agreement*, signed by the employee, cannot be overcome by proof of an implied contrary understanding"); *Tomlinson v. Qualcomm, Inc.*, 97 Cal. App.4th 934, 118 Cal.Rptr.2d 822, 829 (Cal. Ct.App.2002). Because Wood signed an agreement acknowledging that his employment was at will, the district court correctly declined to recognize the existence of a contrary implied contract.

## II.

■ The district court erred in granting summary judgment in favor of Dollar on Wood's age discrimination claim. Dollar's document setting forth its lay-off procedures made no mention of lay-offs of full-time employees. Further, John Frankenberger, the Dollar manager who selected LAX employees for lay-offs, testified that he did not include Wood on his initial lay-off list because Wood did not fit the criteria, "the two biggest" of which were people with the least seniority and part-time individuals. Moreover, Frankenberger added Wood, the sole manager laid off from LAX, to the lay-off list only after Mike Souza instructed him to do so. This evidence, along with the evidence from Wood's prima facie case, creates a triable issue of fact as to whether Dollar's asserted reason for terminating Wood was a pretext for age discrimination. *See Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 148, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) (holding that a plaintiff's prima facie case, combined with evidence that defendant's proffered reason is unworthy of belief, may permit a fact finder to conclude that the employer unlawfully discrimi-

nated); *Porter v. Cal. Dep't of Corrections*, 383 F.3d 1018, 1031 (9th Cir.2004) (holding that deviations from protocols and irregularities in procedures support an inference of pretext sufficient to overcome summary judgment). In concluding otherwise, the district court improperly weighed the evidence and resolved disputes over material facts in Dollar's favor. *See T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir.1987) (holding that on summary judgment "the judge does not weigh conflicting evidence with respect to a disputed material fact" and instead "must view the evidence in the light most favorable to the nonmoving party").

At the summary judgment stage, a plaintiff's burden is not high. *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 889 (9th Cir.1994). He need only show that "a rational trier of fact could, on all the evidence, find that the employer's action was taken for impermissibly discriminatory reasons." *Id.* Wood has met this burden. We therefore reverse and remand Wood's age discrimination claim for a trial on the merits.

## III.

■ The district court also erred in granting summary judgment in favor of Dollar on Wood's retaliation claim. Wood demonstrated a causal link between his testimony in his former supervisors' lawsuits against Dollar and Dollar's adverse employment actions against Wood by pointing to the temporal proximity between Wood's protected activity and Dollar's adverse employment actions, including removing Wood's computer and office furniture, ordering Wood out of his cubicle, and ultimately terminating Wood. *See Yartzoff v. Thomas*, 809 F.2d 1371, 1376 (9th Cir.1987); *see also Coszalter v. City of*

*Salem,* 320 F.3d 968, 977 (9th Cir.2003). Wood also pointed to Dollar managers' knowledge of Wood's testimony, *see Thomas v. City of Beaverton,* 379 F.3d 802, 812 n. 4 (9th Cir.2004), and "circumstantial evidence of a pattern of antagonism following [Wood's] protected conduct." *Porter,* 383 F.3d at 1030 (internal quotation marks omitted). Not only has Wood established a prima facie case of retaliation, but as noted, he also has raised a genuine factual dispute as to whether Dollar's proffered reason for terminating him was pretextual. Thus, we reverse and remand this claim for a trial as well.

## IV.

■ The district court erroneously applied the *McDonnell Douglas* burden shifting scheme to Wood's FMLA/CFRA claims, requiring Wood to show that Dollar's reason for terminating him was pretextual. *See Bachelder v. Am. West Airlines, Inc.,* 259 F.3d 1112, 1125 (9th Cir. 2001) (holding that the *McDonnell Douglas* framework is inapplicable to FMLA interference claims and that the pivotal question is whether the plaintiff has established that he is entitled to the benefit he claims). Although an employer's obligations under FMLA and CFRA cease where an employee is terminated pursuant to a valid lay-off, *see* 29 C.F.R. § 825.312(d); Cal.Code Reg. § 7297.2(c)(1)(A), an employee's FMLA/CFRA claims may remain viable where he alleges that his termination was unlawful. *See Liu v. Amway Corp.,* 347 F.3d 1125, 1136 n. 11 (9th Cir.2003) ("Termination within the context of a reduction in force does not insulate the defendant from liability for violating FMLA. Where a plaintiff alleges that she was terminated for unlawful reasons, courts will not accept a reduction in force as the conclusory explanation for the employee's termination."). Here, Wood's claim that Dollar interfered with

his FMLA/CFRA rights is tied to his age discrimination and retaliation claims. Because Wood has raised a genuine factual dispute as to the validity of his termination under FEHA, we reverse and remand for a determination of whether Dollar violated FMLA and CFRA by denying him leave.

## V.

Because Wood's wrongful termination in violation of public policy and CUPA claims depend on his age discrimination and retaliation claims, we reverse the district court's grant of summary judgment as to these claims as well. For the same reasons, we reverse the district court's dismissal of Wood's claim for punitive damages and remand for further proceedings to determine whether such damages are warranted.

\* \* \* \* \* \*

For the foregoing reasons, the judgment of the district court is **AFFIRMED IN PART, REVERSED IN PART,** and **REMANDED.**

Appellant shall recover his costs on appeal.

HALL, Circuit Judge, dissenting.

I respectfully dissent from parts II, III, IV and V of the majority disposition. In my opinion, the district court correctly granted summary judgment for Dollar on Wood's claims alleging: (1) age discrimination; (2) unlawful retaliation under FEHA; (3) interference with FMLA & CFRA rights; and (4) wrongful termination in violation of public policy and violation of the CUPA.

## I. FEHA Age Discrimination Claim

The majority concludes that Wood presented sufficient evidence to create a genuine factual dispute as to whether Dollar's

asserted reason is pretextual. I disagree. FEHA makes it unlawful to discharge or discriminate against a person over the age of 40 in compensation or in the terms, conditions, or privileges of employment on the basis of age. Cal. Gov't Code § 12940(a). To prove a prima facie case of age discrimination, a plaintiff must show that (1) he is over the age of 40, (2) he was performing competently in the position he held, (3) he suffered an adverse employment action, such as termination or demotion, and (4) some other circumstance suggests discriminatory motive. *See McGinest v. GTE Serv. Corp.,* 360 F.3d 1103, 1122 (9th Cir.2004).

Once established, the prima facie case creates a rebuttable presumption that the employer unlawfully discriminated against the plaintiff. *Id.* The burden of production then shifts to the employer to articulate a legitimate, nondiscriminatory reason for its action. *Id.* If the employer meets this burden, the presumption of unlawful discrimination "simply drops out of the picture." *St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502 511, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993).

The plaintiff then must introduce sufficient evidence to raise a genuine issue of material fact as to whether the employer's proffered nondiscriminatory reason is merely a pretext for discrimination. *Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1282 (9th Cir.2000). To survive summary judgment, the plaintiff must "produce enough evidence to allow a reasonable factfinder to conclude either: (a) that the alleged reason for [his] discharge was false, or (b) that the true reason for his discharge was a discriminatory one." *Id.* (quoting *Nidds v. Schindler Elevator Corp.,* 113 F.3d 912, 918 (9th Cir.1997)).

Here, the district court correctly concluded, and the majority seems to agree, that while Wood established a prima facie case, Dollar presented a legitimate nondiscriminatory reason for its action: that the layoffs were necessary due to low profits and an especially slow economy after the September 11 attacks. Nevertheless, the majority holds that Wood presented sufficient evidence to create a triable issue of fact as to whether Dollar's legitimate nondiscriminatory reason for the firing was pretextual. The majority holds that because the official Dollar layoff guidelines included no directive that full-time employees were to be laid off, Dollar's deviation from established procedures raises an inference of pretext. I disagree, and would find that Wood has not met his burden. The official dollar layoff guidelines did not prohibit full-time layoffs, and in fact stated that "[w]e recommend that layoffs be the primary mode of hitting your staff/FTE [Full Time Employee] reduction targets for [all non-counter and reservation agents]." Additionally, while Wood was the only manager laid-off, nine other full time employees were laid off on the same day, one of which was also over 40. This evidence is insufficient to allow a reasonable factfinder to conclude that "(a) that the alleged reason for [his] discharge was false, or (b) that the true reason for his discharge was a discriminatory one." *Coleman,* 232 F.3d at 1282.

## II. FEHA Retaliation Claim

California Government Code § 12940(h) makes it an unlawful employment practice for an employer to discharge, expel, or otherwise discriminate against an employee because the employee testified or assisted in any proceeding under FEHA. To prove a prima facie case of retaliation, a plaintiff must show that (1) he engaged in a protected activity, (2) his employer subjected him to an adverse employment action, and (3) there is a causal link between

the protected activity and the employer's action. *Nidds,* 113 F.3d at 919.

The district court concluded that Wood failed to establish a prima facie case of retaliation because there was insufficient evidence of a causal link between Wood's testimony in the prior lawsuit against Dollar and Wood's subsequent termination. The majority holds that this finding was in error. I disagree.

The majority relies on temporal proximity between Wood's testifying and his firing to give rise to an inference of causation. Wood, who had worked for Dollar for seven years, was terminated 8 months after his trial testimony, a time period that we have held may create an inference of causation. *See Coszalter v. City of Salem,* 320 F.3d 968, 977 (9th Cir.2003) ("Depending on the circumstances, three to eight months is easily within a time range that can support an inference of retaliation."). However, in *Coszalter,* we cautioned against considering the temporal proximity "without regard to its factual setting." *Id.* at 977. Here, there were two important intervening events that must be taken into consideration when determining whether the temporal proximity between the testimony and the layoff give rise to the inference of causation. One was the pre-September 11, 2001 poor economic performance for Dollar, and the second was September 11 itself. On September 21, 2001 Dollar management decided to institute layoffs and distributed a memo with general lay-off instructions. Wood was fired approximately one month later, on November 12, 2001. Dollar's economic situation pre and post 9/11, and its decision to engage in large scale layoffs completely undermine Wood's temporal proximity argument. Wood's firing seems more correlated with Dollar's economic situation than with his testimony, and on that basis, I would affirm the decision of the district court.

### III. FMLA, CFRA, Wrongful Termination in Violation of Public Policy and California Unfair Practices Act Claims

As the majority notes, Wood's claims that Dollar interfered with his FMLA/CFRA rights as well as his claims for wrongful termination in violation of public policy and CUPA, are tied to his age discrimination and retaliation claims. Because I would affirm summary judgment on his age discrimination and retaliation claims, I would also affirm summary judgment on these claims as well.